## Myers *vs.* Way *et al.*

Though the brief of evidence used on the motion for new trial be properly filed and approved, and thus made a part of the record, yet, under §4253 of the Code, there must be some reference thereto in the bill of exceptions, or the writ of error will be dismissed. (R.)

New trial. Bill of exceptions. Brief of evidence. Practice in the Supreme Court. February Term, 1879.

When this case was called counsel for defendants moved that the writ of error be dismissed, on the ground that the brief of evidence used on the motion for new trial was neither embodied in the bill of exceptions nor referred to therein. It was replied, 1st., that as the brief was filed and approved, and came up regularly as a part of the record, no such reference in the bill of exceptions was necessary; and 2nd., that if necessary, there was a sufficient reference contained therein.

The exceptions were to the judgment of the court granting a new trial, the motion therefor being based principally upon newly discovered evidence. The only reference to the evidence was as follows: " And the said judge, after hearing the evidence as set forth in certain affidavits, in reference to the alleged newly discovered testimony, and after argument, rendered his decision granting a new trial," to which judgment the plaintiff excepted, "and says that the court erred in granting a new trial as aforesaid, upon the grounds as presented in said motion and the record of the case."

The record contained the brief of evidence regularly filed and approved. No point was made as to whether affidavits containing newly discovered evidence, showing diligence, etc., could thus come up as a part of the record, but the motion was made and argued precisely as above stated.

The writ of error was dismissed, the court announcing the principle set forth in the head-note.

George A. Mercer, for plaintiff in error.

A. P. & S. B. Adams, for defendants.